# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
Civil Action No.:
21    088

| | |
|---|---|
| LISA FAHY, MICHAEL FAHY<br>    Plaintiffs<br><br>v.<br><br>LIFE TIME ATHLETIC WESTWOOD/<br>LIFE TIME FITNESS,<br>LTF CLUB OPERATIONS COMPANY, INC., &<br>LIFE TIME, INC.<br>    Defendants | ))))))))))))) |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.  Plaintiff Lisa Fahy is an adult citizen of the Commonwealth of Massachusetts.

2.  Plaintiff Michael Fahy is an adult citizen of the Commonwealth of Massachusetts.

3.  Defendants Life Time Athletic Westwood / Life Time Fitness run a gym located at 44 Harvard Street, Westwood, MA 02090.

4.  Defendant LTF Club Operations Company, Inc. operates Defendant Life Time Athletic Westwood / Life Time Fitness.

5.  Defendant Life Time, Inc. is the parent company of LTF Club Operations Company, Inc.

### JURISDICTION

6.  Jurisdiction over Defendants is proper because they transact business, solicit business, engage in other persistent courses of conduct, and/or derives substantial revenue from goods used or consumed or services rendered, in the Commonwealth of Massachusetts.

1

## **GENERAL ALLEGATIONS**

7. On February 8, 2018, Lisa Fahy was in the women's locker room at Life Time Athletic located at 44 Harvard Street, Westwood, MA 02090.

8. Ms. Fahy was walking through the locker room, and as she turned a corner to go to the restroom area, she slipped on a slick cleaning solution that had been spread on the floor and struck her head.

9. At the time of the incident, Ms. Fahy did not see any indication or warning posted in the locker room that the floor was slippery or had just been cleaned.

10. There was no caution sign posted to indicate a wet floor, and no bucket or custodial employee was present to indicate that the floor was being cleaned or just had been covered in cleaning solution.

11. Ms. Fahy was completely unaware that the floor had been left in a slippery condition creating a hazard to anyone who may walk over it.

12. Ms. Fahy had no time to react or brace her fall, as she was taken completely by surprise.

13. Defendants knew or should have known that after cleaning a floor it is necessary to post notice of a wet floor so as to warn those walking by that the floor is slippery and dangerous.

14. This is especially true when utilizing a slippery solution.

15. Ms. Fahy's fall and her resulting injuries were proximally caused by Defendants' negligence in creating a dangerous condition at the premises they controlled.

16. Ms. Fahy's fall and her resulting injuries were proximally caused by Defendants' negligence in failing to warn of the dangerous condition of the locker room floor.

17. As result of the fall, Ms. Fahy suffered various injuries which has led to long-term debilitation.

18. On the day of the incident Ms. Fahy presented at Atrius Health Braintree Urgent Care with significant head pain, neck pain, vestibular issues, and vision issues.

19. As a result of the fall and striking her head, Ms. Fahy sustained a concussion.

2

20. In the months following the incident, Ms. Fahy received significant medical treatment related to her injuries.

21. Over the months and years following the accident Ms. Fahy suffered from post-concussion syndrome.

22. Ms. Fahy suffered post-concussion syndrome symptoms, including feeling nauseous, dazed, and weak as a result of the injury caused by Defendants' negligence.

23. Ms. Fahy also suffered from pain in her low cervical spine area as a result of the Defendants' negligence.

24. Ms. Fahy reported difficulty focusing her vision, pain when staring at a computer screen, ongoing dizziness and nausea, and ongoing persistent headaches.

25. As the mother of two and a graphic designer, these symptoms presented significant impediments to Ms. Fahy's life beyond just the physical pain associated with them.

26. In the weeks after the injury Ms. Fahy's symptoms worsened.

27. Ms. Fahy began seeing spots, sensitivity to fluorescent lights, and experiencing confusion.

28. Ms. Fahy was forced to spend significant time in dimly lit areas, was not able to drive, and was suffered difficulties in the day to day of raising her children as a result of these injuries.

29. Ms. Fahy was instructed to engage in mental and physical rest.

30. Ms. Fahy was advised against working for longer than 15-20 minute intervals.

31. Physical therapy was also recommended for her neck pain and headaches.

32. Ms. Fahy embarked on a months-long treatment for her brain injury.

33. Despite her diligent weekly visits to physical therapy, as well as her at home adherence to her physical therapy exercises, at the end of this five-month period she still continued to suffer symptoms associated with her post-concussion syndrome as well as her back and neck injury.

1873428.v1

34. Ms. Fahy's physical therapy records demonstrate that at the end of her treatment she was still suffering from post-concussion syndrome symptoms that were exacerbated due to increased cognitive or physical activity.

35. As a result of her injuries Ms. Fahy she was unable to perform her job as a graphic designer.

36. As a result of her injuries Ms. Fahy was unable to enjoy her time with her family for long periods of time.

37. Prior to the injury, Ms. Fahy had begun the process of becoming a certified real estate appraiser.

38. She had completed two out of the three classes necessary to become a certified real estate appraiser.

39. She was scheduled to complete the third course in February of 2018, but as a result of the accident she was not able to complete that course.

40. Ms. Fahy was able to complete the final course over a year after the accident, in January of 2019.

41. As a result of the injury, Ms. Fahy lost significant income.

42. As a result of the accident, Ms. Fahy will have to live with these permanent and debilitating post-concussion symptoms for the rest of her life.

43. Mr. Fahy suffered loss of consortium as a result of the accident

44. Mr. Fahy also had to undertake many additional household responsibilities which prevented him from pursuing business opportunities as a real estate appraiser.

## COUNT I
## NEGLIGENCE AGAINST ALL DEFNDANTS

45. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 44 above, as if expressly rewritten and set forth herein.

46. Defendants owned and operated a gym at which Ms. Fahy was a member.

47. Defendants owed a duty of care to Plaintiff, and others, to operate the gym in a reasonable manner.

1873428.v1

48. Defendants breached the duty of care that they owed to Plaintiffs by negligently creating a dangerous condition at the premises they controlled.

49. Defendants breached the duty of care that they owed to Plaintiffs by failing to warn of the dangerous condition of the locker room floor.

50. Defendants negligent actions and inactions were a direct and proximate cause Plaintiffs' personal injuries and all damages claimed herein.

WHEREFORE, Plaintiffs demand judgment against Defendants for all damages, including, *inter alia*, compensatory damages, medical expenses, and punitive damages, together with costs, attorneys' fees, and any other relief this Court deems appropriate.

## COUNT II
## LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

51. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 51 above, as if expressly rewritten and set forth herein.

52. Plaintiff, Michael Fahy is the husband of te Plaintiff, Lisa Fahy.

53. As a direct and proximate result of the Defendants' negligence and wrongful acts and permanent personal injuries suffered by Lisa Fahy, Michael Fahy as husband to Lisa Fahy, suffered and will continue to experience a loss of consortium as well as mental stress, anxiety and worry.

WHEREFORE, Plaintiffs demand judgment against Defendants for all damages, including, *inter alia*, compensatory damages, medical expenses, and punitive damages, together with costs, attorneys' fees, and any other relief this Court deems appropriate.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiffs Lisa Fahy and Michael Fahy request that the Court:

a. Enter judgment in favor of Plaintiffs for damages on Count I and Count II with interests and the cost of suit;

b. Award monetary damages to Plaintiffs for the negligence of Defendants with respect to Count I and Count II;

c. Enter such other relief and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

DATE: 1/27/21

Respectfully Submitted,
Lisa Fahy and Michael Fahy
The Plaintiffs,
By their Attorneys,

*/s/ Christopher M. Reilly*

Anthony J. Antonellis, Esq., BBO #557964
Christopher M. Reilly, Esq., BBO #674041
Sloane & Walsh, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA 02108
Phone: (617)523-6010
Email: AAntonellis@sloanewalsh.com
         CReilly@sloanewalsh.com

6

1873428.v1